IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAUN PORTER,

    *Plaintiff*,

v.

ROBIN SHUSKO, *et al.*,

    *Defendants*

Case No. 24-cv-2832-ABA

**MEMORANDUM OPINION**

Plaintiff Shaun Porter describes himself as a "political protestor and reporter, best known for hilarious free speech signs along highways and at major public events on traditional public forums." ECF No. 5 (amended complaint) at 3. On November 2, 2023, Mr. Porter went to Frederick Community College ("FCC") to conduct what he describes as a "Pro Israel protest." *Id.* ¶ 40. (The month before, he showed up at the same college for an anti-military-draft protest.) There were counter-protestors present, and after tensions escalated, Frederick City Police Captain Kirk Henneberry directed the protestors (not just Mr. Porter) to leave. Mr. Porter refused, and was later charged with a misdemeanor for refusing to comply with the directive to leave. He claims his First Amendment rights were violated. For the reasons explained below, the claims against Henneberry will be dismissed.

**I.    BACKGROUND**

At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff."

1

*King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). In relevant part, Plaintiff alleges as follows.[1]

On November 2, 2023, Plaintiff went to FCC's campus to stage a political protest, arriving around 11:45 a.m. ECF No. 5 ¶ 42. A person accompanied him to record videos for YouTube and he recorded other videos for "his viewers" himself. *Id.* ¶¶ 51, 61. There were some counter-protestors who Plaintiff alleges were using "bullhorns and loud stereo equipment." *Id.* ¶ 42. Plaintiff claims the volume of the other protestors' speech exceeded limits under what he describes as a local noise ordinance. *Id.* ¶ 43. Plaintiff alleges he asked Captain Henneberry to "silence" the counter-protestors, but that Henneberry "refused" to do so. *Id.* ¶¶ 43-46. Plaintiff claims that Captain Henneberry violated Plaintiff's own "rights to free speech or peaceable assembly" by declining to suppress the volume of the counter-protestors' speech, *id.* ¶ 49, by allegedly telling Plaintiff that he was speaking too loudly, *id.* ¶ 53, and then, as described further below, by arresting him for failing to comply with the directive to leave the campus.

At some point, Captain Henneberry, along with Public Safety Supervisor Kevin Poole, whom Plaintiff has also named as a defendant, approached the protestors and informed them, including Plaintiff, that everyone would need to "leave." *Id.* ¶ 56. Plaintiff refused. *Id.* As Plaintiff himself puts it, he "informed Defendant Kirk and Poole that he was going to stay until 2pm like he had scheduled and to stop harassing Plaintiff

---

[1] The amended complaint also includes allegations about the protest a month before, on October 3, 2023, on a different topic. Those allegations are asserted against Robin Shusko, the Director of College Public Safety at Frederick Community College, who was involved in responding to that earlier appearance on the campus. The pending motion involves only Captain Henneberry's conduct in connection with the November 2 appearance, so the allegations related to the October 3 incident are omitted here.

or Plaintiff would swear out criminal charges against Poole for interrupting Plaintiff's First Amendment Protected activity." *Id.* The other protestors left, but Plaintiff stayed on FCC's property for "the rest of the day." *Id.* ¶ 59. He also returned the next day to continue protesting. *Id.* ¶ 62.

Captain Henneberry, who had warned Plaintiff to leave the campus to which Plaintiff refused, prepared a criminal complaint charging Plaintiff with trespass in violation of § 26-102(e)(2) of the Education Article of the Maryland Code, which makes it unlawful for a person to "[f]ail[] or refuse[] to leave the grounds of [a 'public institution of . . . higher education'] after being requested to do so by a person designated in subsection (b) of this section as being authorized to deny access to the buildings or grounds of the institution." *See* ECF No. 5 ¶¶ 56, 63-65. In March 2024, Plaintiff accepted a stet of the trespass charge in exchange for staying away from FCC for one year. *Id.* ¶ 73.

Plaintiff filed this lawsuit on October 1, 2024 (and amended his complaint on November 1, 2024) against Defendants Shusko, Poole, and Henneberry. ECF No. 1; ECF No. 5 (amended complaint). Plaintiff seeks compensatory damages, punitive damages, and costs, expenses, and attorney's fees (though he is representing himself). ECF No. 5 at 28. Defendants Shusko and Poole have filed answers to the amended complaint. ECF Nos. 8, 9. Defendant Henneberry filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 12 (the "Motion"). Plaintiff responded to the Motion, ECF No. 16, and Defendant replied, ECF No. 20.

Captain Henneberry, in addition to moving to dismiss the amended complaint under the Rule 12(b)(6) standard, also filed evidence, including body-worn camera footage, and in the alternative has requested that the Court enter summary judgment in

3

his favor. ECF No. 12-1 at 4-7 (describing the events reflected in the footage). The Court need not convert the motion to one for summary judgment because even accepting Plaintiff's allegations as true, the Court concludes that Captain Henneberry is entitled to dismissal of the complaint, for the reasons explained below.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative relief" by containing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although a court reviewing a 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 679.

A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a court should be reluctant to dismiss a *pro se* complaint, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). But a *pro se* litigant must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. Counts 1 & 5: First Amendment Retaliation

In Counts 1 and 5, pursuant to 42 U.S.C. § 1983, Plaintiff alleges that his arrest violated his First Amendment rights (Count 1), and that the charge of criminal trespass was retaliation for exercising his First Amendment rights (Count 5), ECF No. 5 at 17-18, 22-24, because Captain Henneberry treated the other counter protestors that were present on FCC's campus differently from Plaintiff solely on the basis of his protected speech. Captain Henneberry argues that (1) qualified immunity applies to his actions and shields him from liability for Plaintiff's claims, and (2) in any event Plaintiff has failed to state a claim on which relief can be granted because the statute at issue is sufficiently tailored to satisfy the requirements of the First Amendment. ECF No. 12-1 at 9-10; ECF No. 20 at 1-11.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It protects government officials "performing discretionary functions" by "shielding them from civil damages liability as long as their actions could reasonably

5

have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). Qualified immunity generally entails a two-part inquiry: first, whether a constitutional violation has occurred, and second, whether that violation was of a "*clearly established* constitutional right." *E.g.*, *Quinn v. Zerkle*, 111 F.4th 281, 290 (4th Cir. 2024) (emphasis added).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). While courts "do not require a case directly on point," the "constitutional question" must be "beyond debate." *Id.* (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011)). A court's inquiry into whether a clearly established right exists is to be "undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*) (cleaned up).

Here, even accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff has failed to show that it was clearly established that the First Amendment precluded Captain Henneberry from enforcing § 26-102(e)(2), making it a misdemeanor for a person to refuse to leave the grounds of a school after being requested to do so. Although a lack of probable cause is not always required to bring a retaliatory arrest claim, as discussed further below, *see Gonzalez v. Trevino*, 502 U.S. 653, 658 (2024); *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019), here there was probable cause that Mr. Porter violated that law when he refused to comply with Captain Henneberry's directive to leave. And there are no allegations that would clearly bring Mr. Porter's November 2, 2023 protest within the "narrow qualification" in *Nieves*, 587 U.S. at 406, as discussed below. That entitles Defendant Henneberry to

6

qualified immunity, even at the pleadings stage, and thus Counts 1 and 5 will be dismissed for failure to state a claim.

### B. Count 6: Malicious Prosecution

In Count 6, Plaintiff alleges that he was charged with trespass solely for "exercising [his] first amendment rights to peaceably assemble and protest," ECF No. 5 ¶ 131, which he contends rose to the level of malicious prosecution under Maryland law. *Id.* at 24. He captions this count "Selective prosecution in accordance with the holding of *Gonzalez v. Trevino* [502 U.S. 653] (2024)." *Id.* In *Gonzalez*, the Supreme Court reiterated that although "as a general rule, a plaintiff bringing a retaliatory-arrest claim 'must plead and prove the absence of probable cause for the arrest,'" there is a "narrow exception to that rule" under which "[t]he existence of probable cause does not defeat a plaintiff's [retaliatory-arrest] claim if he produces 'objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.'" 402 U.S. at 655 (quoting *Nieves*, 587 U.S. at 402 & 407).

Henneberry does not assert qualified immunity with respect to Count 6. Instead, he argues that Porter fails to allege facts sufficient to make out a malicious prosecution claim. Under Maryland law, a malicious prosecution claim has four elements: "1) the defendant(s) instituted a criminal proceeding against the plaintiff; 2) the criminal proceeding was resolved in favor of the plaintiff; 3) the defendant(s) instituted the criminal proceeding without probable cause; and 4) the defendant(s) acted with malice or for the primary purpose other than bringing the plaintiff to justice." *S. Mgmt. Corp. v. Taha*, 378 Md. 461 (2003). Henneberry argues the complaint falls short because he did have probable cause to charge Plaintiff for failing to comply with the directive to

leave, which is apparent from the complaint because Plaintiff himself alleges that campus security advised everyone to leave and admits that he refused to leave. ECF No. 12-1 at 12. He also argues the claim fails because an element of a claim for malicious prosecution is that the criminal proceeding was "resolved in favor of the plaintiff," *S. Mgmt. Corp. v. Taha*, 378 Md. 461, 479 (2003), and a *stet*, which Mr. Porter received, "is not a termination in favor of the accused," *State v. Meade*, 101 Md. App. 512, 533 (1994). Finally, Henneberry argues that Plaintiff has not adequately alleged malice. ECF No. 12-1 at 13.

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To prevail on a retaliatory prosecution claim, a plaintiff must allege a "causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves*, 587 U.S. at 398 (cleaned up). In other words, a plaintiff must allege that the retaliatory motive was the "but for" cause of the prosecution or other adverse action taken against the plaintiff by the defendant. *Id.* at 399 (citing *Hartman*, 547 U.S. at 260). And where, as here, there was probable cause for an arrest—Plaintiff concedes in the complaint that he was directed to leave and refused to do so, *e.g.*, ECF No. 5 ¶¶ 56, 59, 62—the plaintiff must plead and prove, based on "objective evidence," that "he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. He alleges that "[r]oughly a dozen students also remained in the area that were 'asked to leave' and were similarly situated." ECF No. 5 ¶ 58. But that allegation is far too conclusory to constitute an allegation of fact sufficient to bring his claims within the narrow *Nieves/Gonzalez* exception. Accordingly, Plaintiff

8

has failed to state a claim for malicious prosecution. The Court need not decide whether the claim would also fail for the additional reasons Henneberry identifies (*i.e.*, a *stet* not constituting a termination in Porter's favor, or inadequate allegations of malice).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant Henneberry's motion to dismiss (ECF No. 12). A separate order follows.

Date: August 29, 2025                             _____*/s/*_____
                                                                            Adam B. Abelson
                                                                            United States District Judge